UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOYCE WHISBY WATERS,

    Plaintiff,

v.                                   CASE NO. 3:16-mc-25-J-34MCR

JUDGE JACK SCHEMEN, STATE
ATTORNEY ANNA HIXON, and
PUBLIC DEFENDER'S OFFICE,

    Defendants.
_____/

### REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Motion for Miscellaneous Relief ("Motion") (Doc. 1). For the reasons stated herein, the undersigned recommends that the Motion be **DENIED**.

*Pro se* Plaintiff filed the present Motion on behalf of her adult, mentally ill,[2] and apparently incarcerated son, Kelly Whisby, to appeal the April 6, 2016 decision by Judge Jack Schemen. Plaintiff appears to accuse Judge Schemen, State Attorney Anna Hixon, and the Public Defender of misconduct, and asks this

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; M.D. Fla. R. 6.02.

[2] Plaintiff states that her son has schizophrenia and needs treatment.

Court to remove them from her son's case.³  Plaintiff also asks this Court to release her son from incarceration because he is innocent and has been a victim of discrimination and repeat violence by law enforcement personnel.

First, this Court has previously explained to Plaintiff, on more than one occasion, that she does not have standing to pursue claims on behalf of her son. *See Waters v. JSO*, 3:15-cv-1069-J-39MCR, *2-3 (M.D. Fla. Feb. 18, 2016) ("[T]he Court does not have subject matter jurisdiction to consider Plaintiff's allegations or requests, because Plaintiff does not have standing to pursue claims on behalf of her son. . . . Only Mr. Whisby has standing to bring a civil rights claim regarding his arrest, prosecution, and the conditions of his confinement."); *Waters v. Jacksonville Sheriff's Office*, 3:15-cv-755-J-25JBT, *2 (M.D. Fla. Aug. 4, 2015) ("Only Mr. Whisby, not his mother, has standing to sue as to his conditions of confinement at the jail where he is detained."); *Waters v. JSO*, 3:15-cv-929-J-39JBT, *2 (M.D. Fla. July 29, 2015) ("Of import, only Mr. Whisby, not his mother, has standing to sue over the conditions of the institution where he is detained."); *Waters v. State of Florida*, 3:13-cv-1299-J-39JRK, *5 (M.D. Fla. Feb. 5, 2014) ("Plaintiff is not permitted to bring a lawsuit *pro se* on behalf of her son.").

Further, this Court has also explained that even if Plaintiff could proceed on behalf of her son, to the extent she is challenging a state court's decision in an

---

³ Plaintiff appears to argue that Judge Schemen has put her son's life in danger by taking him from "Mental Health" and putting him with the general population.

ongoing case, "this Court would likely be required to abstain from interfering in the state proceeding." *Waters*, 3:13-cv-1299-J-39JRK at *5-6 (citing *McCone v. City of Orlando*, 497 F. App'x 864, 866 (11th Cir. 2012) (finding "comity required that the district court abstain from interfering with [the plaintiff's] ongoing proceedings in the state court")). Also, to the extent Plaintiff seeks to release her son from incarceration, this Court does not have authority to do so. *Id.* at *6.

Last, but not least, Plaintiff's claims against a state court judge, the State Attorney, and the Public Defender's Office, which are not a model of clarity,[4] would seem to be barred by judicial immunity and/or the litigation privilege. *See Fuller v. Truncale*, 50 So.3d 25, 27 (Fla. Dist. Ct. App. 2010) (stating that "judges and officials 'enjoy absolute immunity for acts performed in the course of their judicial capacities unless they clearly act without jurisdiction'"); *Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole*, 950 So.2d 380, 384 (Fla. 2007) ("Just as participants in litigation must be free to engage in unhindered communication, so too must those participants be free to use their best judgment in prosecuting or defending a lawsuit without fear of having to defend their actions in a subsequent civil action for misconduct. . . . The litigation privilege applies across the board to actions in Florida, both to common-law causes of action, those initiated pursuant to a statute, or of some other origin. Absolute immunity

---

[4] The undersigned recognizes that filings of *pro se* parties, like Plaintiff, must be construed liberally and "are held to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 448 U.S. 5, 9 (1980) (per curium).

must be afforded to any act occurring during the course of a judicial proceeding . . . so long as the act has some relation to the proceeding.") (internal citations and quotation marks omitted).

For all these reasons, the undersigned respectfully **RECOMMENDS** that the Motion (**Doc. 1**) be **DENIED** and the Clerk of Court be directed to close the file after terminating any pending motions.

**DONE AND ENTERED** at Jacksonville, Florida, on April 28, 2016.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

*Pro Se* Plaintiff